UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| Atlas Lifting & Rigging, LLC, | No. 2:23-cv-00808-KJM-AC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| Trevor Berner, et al., | |
| Defendants. | |

Plaintiff Atlas Lifting & Rigging, LLC moves to strike defendant Trevor Berner's answer and to dismiss his counterclaims. For the reasons below, the court **denies** the motion to strike and **grants** the motion to dismiss.

**I. BACKGROUND**

Atlas alleges Berner and Synergy Marketing & Sales, Inc., who Atlas engaged to manage an industrial tool and equipment sales company, are liable for breaching their duty of loyalty and for conversion, fraud, and false promise. *See* Compl., ECF No. 1. Proceeding pro se, Berner filed an answer by completing a civil pro se form. Answer, ECF No. 6. Berner brings two counterclaims. He alleges he was "wrongfully terminated and improperly denied" an interest in Atlas in violation of unspecified verbal and written agreements. Answer at 5.[1] Synergy has not

---

[1] When citing page numbers on filings, the court uses the pagination automatically generated by the CM/ECF system.

1   appeared.  Atlas now moves to strike Berner's answer and to dismiss his counterclaims for failure
2   to state a claim.  Mot., ECF No. 8; P. & A., ECF No. 8-1.  No opposition has been filed.  The
3   court takes the matter under submission without holding a hearing.

4   **II.    MOTION TO STRIKE**

5   Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading . . .
6   any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Motions to
7   strike are generally disfavored and should not be granted unless it is "clear that the matter to be
8   stricken could have no possible bearing on the litigation."  *Walters v. Fid. Mortg. of Cal.*,
9   730 F. Supp. 2d 1185, 1196 (E.D. Cal. 2010) (citation omitted).

10  Atlas moves to strike Berner's answer because he "failed to comply with the instructions
11  on the pro se Answer form and thus failed to comply with Rule 8(b)(1)."  P. & A. at 2.  Altas does
12  not argue the answer includes "redundant, immaterial, impertinent, or scandalous matter."  *See*
13  Fed. R. Civ. P. 12(f).  Nor does it cite authority to show an answer may be stricken for failure to
14  comply with the instructions on a form pleading.  Moreover, Atlas does not provide any
15  explanation as to how precisely Berner failed to comply with the answer form or with Rule 8.

16  Rule 8 governs the answer's contents.  Under Rule 8(b)(2), "[a] denial must fairly respond
17  to the substance of the allegation," but Rule 8(b)(3) allows a defendant to deny allegations in
18  general, and Rule 8(b)(5) permits the defendant to state it "lacks knowledge or information
19  sufficient to form a belief about the truth of an allegation."  Fed. R. Civ. P. 8(b).  Berner's answer
20  complies with these provisions by admitting some allegations, denying some allegations
21  specifically, denying others generally, and stating he lacks knowledge or information to admit or
22  deny some allegations.  *See generally* Answer.  Accordingly, the motion to strike is **denied.**

23  **III.   MOTION TO DISMISS**
24      **A.    Legal Standard**

25  "A defendant's counterclaims are held to the same pleading standard as a plaintiff's
26  complaint."  *First Serv. Networks, Inc. v. First Serv. Maint. Grp., Inc.*, No. 11-01897, 2012 WL
27  5878837, at *1 (D. Ariz. Nov. 21, 2012) (citing *Starr v. Baca*, 652 F.3d 1202, 1216 (9th
28  Cir.2011)).  A party may move to dismiss a counterclaim for "failure to state a claim upon which

1 relief can be granted." Fed. R. Civ. P. 12(b)(6).  In response, the court begins by assuming the
2 counterclaim's factual allegations are true, but not its legal conclusions.  *Ashcroft v. Iqbal*,
3 556 U.S. 662, 678–79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The
4 court then determines whether the factual allegations in the counterclaim "plausibly give rise to
5 an entitlement to relief" under Rule 8.  *Id.* at 679.  This evaluation of plausibility is a context-
6 specific task drawing on "judicial experience and common sense."  *Id.*

7 "Pro se [pleadings] are construed 'liberally' and may only be dismissed 'if it appears
8 beyond doubt that the plaintiff can prove no set of facts in support of his claim which would
9 entitle him to relief.'"  *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Wilhelm v.
10 Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012)).  However, in interpreting a pro se pleading
11 liberally, the court "may not supply essential elements of the claim that were not initially pled."
12 *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### B.    Analysis

Berner brings counterclaims for wrongful termination and breach of contract.  He alleges he "was wrongfully terminated and improperly denied his 20% interest in Atlas that was promised by verbal agreements and written agreements between [him] and Mr. Wong while Mr. Wong was acting on behalf of Atlas[.]"  Answer at 5.  Berner also alleges he was "denied his continuing promised consulting fee [of] $10,000 per month and 20% of the shares of stock in Atlas."  *Id.* at 10.

#### 1.    Wrongful Termination

The court first addresses wrongful termination and finds Berner has failed to state a claim.  As Atlas argues, P. & A. at 4, it is unclear whether Berner is claiming his termination was in violation of Title VII of the Civil Rights Act or the Americans with Disabilities Act (ADA).  *See* Answer at 5, 10.  Berner may also be bringing a wrongful termination action under state law, such as the California Fair Employment and Housing Act (FEHA) or under the state's common law, which prohibits wrongful termination in violation of public policy.  *See generally Tameny v. Atl. Richfield Co.*, 27 Cal. 3d 167 (1980).  The court considers each of these possibilities below.

Courts generally apply the same standard when analyzing claims under Title VII and the FEHA. *See Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 270 (9th Cir. 1996). To state a wrongful termination claim under Title VII, Berner must allege: "(1) he belongs to a protected class, (2) he was qualified for the position, (3) he was subjected to an adverse employment action, and (4) similarly situated [individuals not of his protected class] were treated more favorably." *Aragon v. Republic Silver State Disposal, Inc.*, 292 F.3d 654, 658 (9th Cir. 2002). Similarly, under the FEHA, Berger must allege: "(1) he was a member of a protected class, (2) he was qualified for the position he sought or was performing competently in the position he held, (3) he suffered an adverse employment action, such as termination . . . , and (4) some other circumstance suggests discriminatory motive." *See Guz v. Bechtel Nat., Inc.*, 24 Cal. 4th 317, 355 (2000). Berner does not allege he is a member of a protected class, was qualified for his position, or received unfavorable treatment in circumstances suggestive of discrimination. These omissions mean he has not stated a claim under Title VII or the FEHA. Nor has Berger alleged he exhausted administrative remedies as required by the FEHA. *Rodriguez v. Airborne Express*, 265 F.3d 890, 896 (9th Cir. 2001).

Similar to a Title VII action, to state a wrongful termination claim under the ADA, Berner must allege: "(1) he is disabled within the meaning of the ADA; (2) he is a qualified individual able to perform the essential functions of the job with reasonable accommodation; and (3) he suffered an adverse employment action because of his disability." *Allen v. Pac. Bell*, 348 F.3d 1113, 1114 (9th Cir. 2003). Berner does not allege he has a disability, was qualified for the position, and was terminated because of his disability. He does not state a claim under the ADA.

Finally, to state a common law claim for wrongful termination in violation of public policy, Berner must allege (1) he was employed by Atlas; (2) Atlas discharged him; (3) "violation of public policy substantially motivated the discharge," and (4) the discharge caused him harm. *Diego v. Pilgrim United Church of Christ*, 231 Cal. App. 4th 913, 920 (2014). The policy must be "(1) delineated in either constitutional or statutory provisions; (2) public in the sense that it inures to the benefit of the public rather than serving merely the interests of the individual; (3) well established at the time of the discharge; and (4) substantial and fundamental." *Id.*

(citations and marks omitted).  Berner does not allege a violation of such a public policy motivated his discharge.  He does not state a claim for wrongful termination in violation of public policy.

Although there may be other grounds for relief, Berner has not identified those grounds, and the court will not address them on its own initiative.  For the reasons above, Berner has failed to state a claim for wrongful termination.

### 2. Breach of Contract

Berner also does not state a claim for breach of contract.  "[T]he elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff."  *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011).

Although Berner need not "attach the contract or recite the contract's terms verbatim," he "must identify with specificity the contractual obligations allegedly breached by the defendant." *Misha Consulting Grp., Inc. v. Core Educ. & Consulting Sols., Inc.*, No. 13-04262, 2013 WL 6073362, at *1 (N.D. Cal. Nov. 15, 2013).  Berger alleges there were both oral and written agreements between him and an individual acting on behalf of Atlas, which entitled him to a consulting fee and to shares of Atlas stock.  Answer at 5, 10.  However, he does not allege what the terms of the agreements were, when the agreements were formed, or what his obligations were under the agreements.  Moreover, he has not alleged any facts to show he has performed his own obligations under the contract or that his performance was excused.  Accordingly, Berner does not state a claim for breach of contract.

### IV. CONCLUSION

For the reasons above, the court **denies Atlas's motion to strike** and **grants Atlas's motion to dismiss with leave to amend**.  Any amended counterclaims shall be filed within **30 days after the filed date of this order**.  The motion hearing set for September 22, 2023 is hereby **vacated.**  The status (pretrial scheduling) conference set for September 22, 2023 is **continued to December 14, 2023 at 2:30 p.m. before the undersigned.**

/////

5

1   This order resolves ECF No. 8.

2   IT IS SO ORDERED.

3   DATED: September 7, 2023.

   CHIEF UNITED STATES DISTRICT JUDGE