Kurt D. Hendrickson (SBN CA 251509)
Karl A. Schweikert (SBN CA-291497, NV-13756)
KDH Law
2101 Stone Blvd., Suite 120
Telephone: (916) 993-5226
Email address: Kurt@KDHendrickson.com

Attorneys for Plaintiff Atlas Lifting & Rigging, LLC

Trevor Berner, Pro Se

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **ATLAS LIFTING & RIGGING, LLC,** a Nevada limited liability company,<br><br>                    Plaintiff,<br>    vs.<br><br>**TREVOR BERNER**, an individual; **SYNERGY MARKETING AND SALES, INC.**, a California corporation; and **DOES** 1-20.<br><br>                    Defendants. | Case No. 2:23-cv-00808-KJM-AC<br><br>**NOTICE OF APPLICATION FOR DEFAULT JUDGMENT AND POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION**<br><br>Judge:     Hon. A. Claire<br>Courtroom: 26<br><br>Action filed: April 28, 2023 |

## INTRODUCTION

PLEASE TAKE NOTICE that Plaintiff ATLAS LIFTING & RIGGING, LLC ("ALR"), will, and hereby does, apply to this Court for an order granting a default judgment against Defendant SYNERGY MARKETING AND SALES, INC. ("SYNERGY"), pursuant to the Federal Rules of Civil Procedures, rule 55(b).

**PROCEDURAL FACTUAL BACKGROUND PERMITTING DEFAULT JUDGMENT**

SYNERGY is a corporation. As a result, it is not a minor, incompetent, or a person that could engage in military service. As indicated in the Clerks Certificate of Entry of Default dated May 7, 2024, SYNERGY has not appeared, plead or answered ALR's Complaint. ECF No. 20. As such, SYNERGY has received notice that a default judgment may be entered against it. As a result of SYNERGY's non-appearance and that notice, it is not entitled to notice of this Application under Federal Rules of Civil Procedure, rule 55. *Willson v. Moore & Associates, Inc.*, 564 F.2d 366 (9th Cir. 1977).

The Complaint seeks $1,087,914.16 in damages from SYNERGY as the alter ego of Trevor Berner. ECF No. 01. Therefore, ALR is entitled to a default judgement up to that amount. In this Application, ALR seeks judgment in the sum of $706,243.25 as set for the in the attached declaration of Doug Ozolins.

**CERTIFICATION OF MEET AND CONFER EFFORTS**

Pursuant to Judge Mueller's Default Standing Order, section 4, Counsel for Plaintiff submits this certification attesting to meet and confer efforts expended prior to bringing this motion. As part of the Joint Status Report, filed January 11, 2024, the parties stipulated to additional time to allow Defendant Synergy Marketing and Sales, Inc., to retain counsel and to Answer the Complaint. ECF No. 15. The Court granted the extension of time to Answer the complaint. ECF No. 16. As part of meet and confer efforts and in the updated Joint Status Report, filed April 22, 2024, Trevor Berner, as the CEO and sole shareholder of Synergy Marketing and Sales, Inc., represented the corporate entity would not be retaining counsel and would not be Answering the complaint. ECF No. 17.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

SYNERGY remains a California corporation, but is suspended from doing business in California due to a failure to pay taxes. Its sole shareholder, Defendant Trevor Berner, serves as its CEO. Payments for the consulting services of Defendant Berner were paid to Synergy as requested by Mr. Berner. The interaction between ALR and Mr. Berner was quite lucrative. In 36 months,

Synergy was entitled to $260,500 in consulting fees, $15,123.59 in commissions, and $67,498.59 for storage fees, for a total of $343,122.19. See paragraphs 1-14 and Exhibit 1 to Declaration of Doug Ozolins in Support of Motion for Default Judgment ("Ozolins Decl."). However, Trevor Berner, as the agent for ALR paid his alter-ego Synergy a total of $1,049,365.44, an overpayment of $706,243.25. Ozolins Decl., ¶¶ 1-16 and Exhibit 2. Mr. Berner also wrote himself an additional $63,000 in checks, but those are not subject to this default proceeding.

## LEGAL STANDARD

Federal Rules of Civil Procedure, Rule 55(b)(2):

"(2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
(A) conduct an accounting;
(B) determine the amount of damages;
(C) establish the truth of any allegation by evidence; or
(D) investigate any other matter."

## HEARING BEFORE MAGISTRATE JUDGE IS APPROPRIATE

Pursuant to L.R. 230(k), "Motions Before a Magistrate Judge. Only those motions in matters specified in L.R. 302 and 303 shall be noticed, briefed, and argued before a Magistrate Judge. All other motions shall be noticed, briefed, and argued before a Judge." L.R. 302(c)(19) identifies "Motions for entry of default judgment under Fed. R. Civ. P. 55(b)(2)" as one of these motions. Additionally, the Court referred this matter to Magistrate Judge Claire on April 22, 2024. ECF No. 18.

## LEGAL ARGUMENT

Doug Ozolins, a current employee of ALR serving in the role Defendant BERNER previously held, was tasked to review ALR's Bank of America account statements, and account for all payments to ALR and payments made by ALR, including those made to SYNERGY. Ozolins Decl., ¶¶ 7-12. He cross-referenced that information with ALR's QuickBooks records and that ALR

had its CPA verify the information ALR's QuickBooks records. Ozolins Decl., ¶ 13. Mr. Ozolins reviewed all bank records and QuickBook entries and created spreadsheets to review those expenses. He determined the amounts due to SYNERGY. A summary of his findings on the amounts due to SYNERGY is attached as Exhibit 1 to the Ozolins Decl.

Mr. Ozolins also created a spreadsheet with all the payments made by ALR to SYNERGY. A summary of his findings of the amounts paid to SYNERGY is attached as Exhibit 2 to the Ozolins Decl.

**Default Judgment Should Be Granted On The *Eitel* Factors**

Obtaining a default judgment in federal court is a two-step process that includes: (1) entry of default and (2) default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). Rule 55 of the Federal Rules of Procedure states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After the entry of default has been entered by the clerk of court, the party seeking default apply to the court for a judgment of default. Fed. R. Civ. P. 55(b).

There is no right to a default judgment; its entry is entirely within the discretion of the district court. See *Draper v. Coombs*, 792 F.2d 915, 925 (9th Cir. 1986); see also, *Rashidi v. Albright*, 818 F.Supp. 1354, 1356, n.4 (D.Nev. 1993). Defaults are generally disfavored (see *Eitel*, 782 F.2d at 1472), and courts will attempt to resolve applications for entry of default so as to encourage a decision on the merits. *TCI Group Life Ins. Plan v. Knoebber* ("*TCI*"), 244 F.3d 691, 696 (9th Cir. 2001). Courts consider several factors in exercising discretion as to the entry of default judgment, including: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-72.

**1) <u>The Possibility of Prejudice to the Plaintiff</u>**

Although Defendant Berner is present in the case, unlike *Eitel*, SYNERGY has never answered ALR's Complaint. ECF No. 20. In *Eitel*, the parties had reached a final settlement agreement, but a disagreement arose as to whether a general release was included. *Eitel v. McCool*, 782 F.2d at 1470-1471. Mr. Eitel filed a motion for default judgment against the defendant, Mr. McCool. (*Id.* at 1471.) Seven days later, McCool filed an answer and sought relief from the motion for default. (*Ibid.*) The Court granted relief based on excusable neglect given the status of settlement discussions and that a seven-day delay in filing did not prejudice the Plaintiff. (*Id.* at 1473.)

In the present case, SYNERGY received an extension of time to retain counsel and file an answer. Defendant Berner, in his role as CEO and sole shareholder of SYNERGY, made the decision that SYNERGY would not retain counsel and would not answer the complaint. Following the entry of the Clerks' Default, Synergy took no action. ECF No. 20.

Great prejudice would be imposed on ALR if this Court does not grant the default judgment as it will be unable to argue against an entity that simply has not appeared and refuses to appear.

**2) <u>The merits of Plaintiff's substantive claim</u>**

ALR's complaint is well pled. ECF No. 1. Each of the alleged facts is supported by affidavit evidence. *See* Ozolins Decl. This favors entry of a default judgement.

**3) <u>The sufficiency of the Complaint</u>**

The Complaint clearly identifies the breach and the improper payments taken by SYNERGY as directed by Defendant Berner. This favors entry of default judgment.

**4) <u>The sum of money at stake in the action</u>**

Plaintiff is seeking the return of the unearned funds improperly paid to SYNERGY in the amount of $706,243.25, which represents the amount taken by SYNERGY in excess of the contractual amounts owed to SYNERGY. This favors entry of a default judgment.

**5) <u>The possibility of a dispute concerning the material facts</u>**

SYNERGY has not responded to the Complaint. SYNERGY has decided not to oppose the Complaint and thus implicitly admits the facts present in the Complaint. This weighs in favor of default.

**6) <u>Whether the default was due to excusable neglect</u>**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, subsection (a)(1)(i), SYNERGY, had twenty-one (21) days to answer the Complaint. As part of the meet and confer process for the joint status report, SYNERGY sought an extension of time to find counsel and answer. ECF No. 15. The Court granted a two month extension to find counsel. ECF No. 16. As part of the meet and confer efforts for the updated joint status report, SYNERGY indicated it had made the decision not to retain counsel and thus would not be answering the Complaint. The default is due to affirmative acts of SYNERGY through its CEO and sole shareholder, Defendant Berner. This weighs in favor of a default judgment.

**7) <u>The strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits</u>**

Although there is a strong policy favoring decisions on the merits, when a defaulting party actively refuses to participate in the legal process, a decision on the merits is impossible. This factor weighs in favor of a default judgement based on SYNERGY'S decision not to retain counsel thereby refusing to participate in the litigation.

**CONCLUSION**

In the present case, where the defaulted defendant has made a purposeful decision not to oppose the Complaint, it is appropriate to grant the default judgment requested. Plaintiff requests the Court enter a $706,243.25 default judgment against SYNERGY.

KDH Law

DATED: June 3, 2025        By:    /s/ Kurt D. Hendrickson
Kurt D. Hendrickson (SBN 251509)
*Counsel for ATLAS LIFTING AND RIGGING, LLC*
KDH Law
2101 Stone Blvd., Suite 115
Telephone: (916) 993-5226
Email address: Kurt@KDHendrickson.com

## CERTIFICATE OF SERVICE

I hereby certify that, on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participating parties.

I hereby certify that, on this date, I placed a copy of the foregoing into the mail to Trevor Berner at the following address on file with the Court:

Trevor Berner
6327 Surfbird Lane
Rocklin, CA 95765

This 3rd day of June, 2025

/s/ Leena Bajet